FRANKLIN BEAN & *al. versus* EPHRAIM FLINT.

Ordinarily, a promissory note, given for a mere quitclaim deed of land, cannot be avoided, though, by means of a defect in the grantor's title, nothing passed to the grantee.

But that rule will not apply, where the parties have stipulated in writing, that the note is not to be paid, unless a title was conveyed.

Such a note, though purchased before the payday, by one having knowledge of such a stipulation, is open, in a suit by him, to the same defence as if sued by the payee.

EXCEPTIONS from the District Court.

Assumpsit on a note, dated February 5, 1847, for $75, payable to S. B. Kittridge or bearer, in one year. The defendant introduced a document of the same date, signed by Kittridge, reciting that said note was given in consideration of a quitclaim deed, made at the same time, by Kittridge to the defendant, and stipulating that if, within the year, it should be ascertained that Kittridge's interest in the land was not worth $75, the note was to be given back, or if the note should have been paid, the money was to be refunded, upon the land being reconveyed by defendant to him.

The defendant then introduced said quitclaim deed from Kittridge to himself, dated 5th February, 1847; also a warranty deed of the same land, from said Kittridge to Nancy Kittridge, made October 29, 1842.

Bean v. Flint.

Defendant then called a witness, who testified that one of the plaintiffs is the father-in-law, and the other is the brother-in-law of S. B. Kittridge ; that one of plaintiffs admitted that he knew of the conveyance to Nancy Kittridge, and that he was her agent in the transaction, and caused her deed to be recorded, and that when the plaintiff purchased the note, he knew all about the conveyance to the defendant, and the contract connected with it, as above recited, and that S. B. Kittridge had always remained in possession of the land.

Upon this evidence, defendant requested the Court to instruct the jury, that if they believed defendant's note of $75, without consideration, and that the plaintiffs took the same, knowing all the facts relating to the sale, that the plaintiffs could not recover.

This, the Court declined to do, but instructed the jury, that the evidence offered, though believed, constituted no defence to the action; and the jury returned a verdict for the plaintiffs.

*Appleton*, for defendants.

1. The note was without consideration. There was an entire failure of title to the land, for Kittridge had previously conveyed it to his sister by a warranty deed.

2. By the written contract, the note was to be given up, if the interest conveyed was not worth $75. There was *nothing* conveyed. The objection taken by the plaintiff's counsel is, that the defendant did not tender back a deed. The reply is, that that was not to be done, except when the note had been paid, and the money reclaimed by the defendant. But Kittridge had sold the note, and put it beyond his power to surrender it, and therefore defendant was not bound to give a deed. 2 Peters, 102; 3 Cowen, 75; 16 Mass. 161; 17 Maine, 296; 22 Pick. 166; 4 Pick. 258.

3. The plaintiffs took the note with notice, and therefore stand in no better position than Kittridge. 3 Pick. 452; 5 Pick. 312, 316; 2 Johns. 300; 5 Johns. 118; 10 Wend. 85.

*Bell*, for plaintiff.

1. The admission in a note, that it was for value received, can be overcome only by clear evidence.    5 Pick. 506.

2. To avoid a recovery, the failure of consideration must be entire.    6 Pick. 427.

S. B. Kittridge was in possession of the land.    By his deed, .that possession passed to defendant.    Consequently, the failure of consideration could not have been entire.

BY THE COURT. — The plaintiffs took the note with notice. It was therefore open to the same defence, as if sued by the payee.    The note was given for a conveyance of land to which the grantor had no title.    The consideration therefore failed. Ordinarily, when a person gives his note for a quitclaim deed, he cannot, on account of a defect in the title, avoid the payment of it    But here was an express written stipulation, that the note should not be paid, unless the land could be held by the defendant.

To this case, the general rule is not to be applied, because the parties have otherwise agreed.    *Exceptions sustained.*